IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 20 CV 5056 |
| UNITED STATES OF AMERICA, AGENT GERMAN SAMANIEGO, TROOPER TIM MAYERBROCK, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**SECOND AMENDED COMPLAINT**

NOW COME the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, by and through their attorney, BASILEIOS J. FOUTRIS, and for their Second Amended Complaint against the Defendants, UNITED STATES OF AMERICA, AGENT GERMAN SAMANIEGO, TROOPER TIM MAYERBROCK, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT, state as follows:

1

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution through *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), through the Federal Tort Claims Act, 28 U.S.C. §2674, through 42 U.S.C. §1983, and through 42 U.S.C. §1988, in connection with an incident on March 7, 2019 wherein agents of the U.S. Drug Enforcement Agency ("DEA") and/or the City of Chicago's Police Department unlawfully entered the Plaintiffs' home and terrorized them without legal justification.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

3. At all relevant times, Plaintiffs were residents of the State of Illinois in this Judicial District. At all relevant times, Plaintiffs resided at 5332 W. Ferdinand, Chicago, IL.

4. Defendant, UNITED STATES OF AMERICA, is the properly named defendant under the Federal Tort Claims Act. At all relevant times, the Defendant, UNITED STATES OF AMERICA, was acting by and through its agents, servants, employees, and/or agents, who were acting in the scope and course of their employment as law enforcement officers, and under color of law. The DEA is a law enforcement agency within the U.S. Department of Justice, and a part of the government of the United States of America. At all relevant times, the individual Defendants, AGENT GERMAN SAMANIEGO, TROOPER TIM MAYERBROCK, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT (hereafter

2

"DEFENDANT OFFICERS"), were law enforcement officers either employed directly by the DEA, or working as agents/representatives of the DEA, or working as agents/representatives of the Chicago Police Department, and/or were under the supervision and/or operating under the direction of the DEA or the Chicago Police Department. At all relevant times, the DEFENDANT OFFICERS were acting within the course and scope of their employment as law enforcement officers and under color of law, and they are being sued in their individual capacities with respect to the *Bivens* and §1983 claims.

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On March 7, 2019, at approximately 6:00 a.m., the DEFENDANT OFFICERS entered the Plaintiffs' home, located at 5332 W. Ferdinand, Chicago, IL, without a search warrant, consent, legal justification, probable cause, or warning, by forcibly opening and damaging the front door of the residence.

7. On that date and time, the Plaintiffs, along with multiple children, were asleep in their home, were not violating any laws, were not suspected of violating any laws, and they were not suspected of being involved in any illegal activity.

8. The Plaintiffs were awakened by the DEFENDANT OFFICERS forcibly opening the front door and loudly entering the residence.

9. The DEFENDANT OFFICERS did not knock or announce themselves before they entered the home.

10. The DEFENDANT OFFICERS did not ask for permission or consent to enter the home before doing so.

11. The DEFENDANT OFFICERS were never given permission, or consent, to enter the home, to remain in the home after entering it, or to search the home. They did so despite the lack of legal authority, justification, permission or consent to do so.

12. Upon entering the home, the DEFENDANT OFFICERS moved through the home and yelled commands at the occupants of the home, including the Plaintiffs, and, without justification, pointed firearms at all the occupants of the home.

13. As they entered and moved through the home, the DEFENDANT OFFICERS pointed firearms at WALTNESHA SCOTT's children, including at an infant that was in a playpen, without any justification. They did so in front of WALTNESHA SCOTT.

14. At the time that the DEFENDANT OFFICERS entered, the Plaintiffs were partially dressed and/or were dressed in their pajamas.

15. After entering, moving through the home, and pointing firearms at the occupants, the DEFENDANT OFFICERS, ordered all the occupants of the home to relocate to the home's living room, and placed the Plaintiffs in handcuffs, where the Plaintiffs remained captive. The Plaintiffs were in handcuffs in front of the children.

16. The Plaintiffs repeatedly asked the DEFENDANT OFFICERS whether they had a warrant, and to show them a warrant, authorizing their acts. The Plaintiffs were told that the DEFENDANT OFFICERS did not need a warrant.

17. After entering the home, the DEFENDANT OFFICERS searched the home, including looking in furniture, cabinets and closets. They had no warrant to do so, and were not given consent to do so by any of the Plaintiffs, or by any of the other occupants of the home. The Plaintiffs were captive and were not allowed to leave the living room for an excessive period of time until after the DEFENDANT OFFICERS finished their unauthorized search of the home.

4

18. At one point, WALTNESHA SCOTT attempted to video record what was happening with her cellphone. When she did so, one of the DEFENDANT OFFICERS knocked the phone out of her hand so that she could not do so.

19. At no time did the DEFENDANT OFFICERS show any of the Plaintiffs any form of identification, and did not provide their names to the Plaintiffs at any time.

20. At the time and place referenced herein, the DEFENDANT OFFICERS knew, or should have known, that there was no probable cause or legal justification to engage in the acts referenced herein.

21. Each Plaintiff was visibly upset during the events outlined herein.

22. The Plaintiffs each suffered injuries and harm due to the DEFENDANT OFFICERS acts, as outlined herein. Each Plaintiff has been traumatized by this event, and has suffered tremendous emotional disturbance as a result, including reliving the incident and nightmares, among other emotional injuries. Additionally, the Plaintiffs have incurred the costs associated with the Defendants' causing property damage to the home's front door, which amounts to $5,000 in property damage.

23. On December 9, 2019, each Plaintiff filed a separate Notice of Claim to the U.S. DEA, copies of which are attached hereto as Exhibits 1, 2, and 3, and which are incorporated herein by reference.

24. To date, the agency has not taken any action on any of the notices of claim.

25. Since no final disposition of any of the claims has been made, and since it has been more than six months since each notice of claim was submitted to the agency, the Plaintiffs have deemed the claims denied.

## COUNT I – FEDERAL TORT CLAIMS ACT
### Negligence – UNITED STATES OF AMERICA

26. The Plaintiffs re-allege Paragraphs 1 through 25, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 26.

27. At all relevant times, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents, and/or employees, owed a duty of care to the Plaintiffs, and/or had a duty to refrain from negligent and/or careless conduct towards the Plaintiffs.

28. Notwithstanding this duty, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents and/or employees who were employed by, and/or acting under the supervision and/or direction of, the DEA, was careless and/or negligent, and breached the duty it owed to the Plaintiffs, in one or more of the following respects:

   a. Entered the Plaintiffs' home without justification or legal authority;
   b. Searched and remained in the Plaintiffs' home without justification or lawful authority;
   c. Pointed firearms at the occupants of the home, including the Plaintiffs, without justification or lawful authority;
   d. Caused property damage to the Plaintiffs' home without justification or lawful authority; and/or
   e. Was otherwise careless and/or negligent.

29. As a proximate result of one of more of the aforementioned careless and/or negligent acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, the Plaintiffs, were each injured and have each suffered injuries of a personal, permanent and pecuniary nature; have each endured and will in the future endure pain and suffering; have each suffered a loss of their normal life; and have each incurred expenses and costs.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the

Defendant, UNITED STATES OF AMERICA, awarding compensatory damages, costs, as well as any other relief this Court deems just and appropriate.

## COUNT II – FEDERAL TORT CLAIMS ACT
### Willful and Wanton Negligence – UNITED STATES OF AMERICA

30. The Plaintiffs re-allege Paragraphs 1 through 29, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 30.

31. At all relevant times, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents, and/or employees, owed a duty of care to the Plaintiffs, and/or had a duty to refrain from willful and wanton conduct towards the Plaintiffs.

32. Notwithstanding this duty, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents and/or employees who were employed by, and/or acting under the supervision and/or direction of, the DEA, was willful and wanton, and breached the duty it owed to the Plaintiffs, in one or more of the following respects:

    a. Entered the Plaintiffs' home without justification or legal authority;
    b. Searched and remained in the Plaintiffs' home without justification or lawful authority;
    c. Pointed firearms at the occupants of the home, including the Plaintiffs, without justification or lawful authority;
    d. Caused property damage to the Plaintiffs' home without justification or lawful authority; and/or
    e. Was otherwise willful and wanton.

33. As a proximate result of one of more of the aforementioned willful and wanton acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, the Plaintiffs, were each injured and have each suffered injuries of a personal, permanent and pecuniary nature; have each endured and will in the future endure pain and suffering; have each suffered a loss of their normal life; and have each incurred expenses and costs.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendant, UNITED STATES OF AMERICA, awarding compensatory damages, costs, as well as any other relief this Court deems just and appropriate.

### COUNT III – FEDERAL TORT CLAIMS ACT
### False Imprisonment – UNITED STATES OF AMERICA

34. The Plaintiffs re-allege Paragraphs 1 through 33, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 34.

35. At all relevant times, as described above, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents, and/or employees, who were employed by, and/or acting under the supervision and/or direction of, the DEA, imprisoned and/or prevented the Plaintiffs from moving about freely and/or restrained the Plaintiffs' liberty, without probable cause or legal justification.

36. As a proximate result of one of more of the aforementioned acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, the Plaintiffs, were each injured and have each suffered injuries of a personal, permanent and pecuniary nature; have each endured and will in the future endure pain and suffering; have each suffered a loss of their normal life; and have each incurred expenses and costs.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendant, UNITED STATES OF AMERICA, awarding compensatory damages, costs, as well as any other relief this Court deems just and appropriate.

## COUNT IV – FEDERAL TORT CLAIMS ACT
### Invasion of Privacy/ Intrusion Upon Seclusion of Another – UNITED STATES OF AMERICA

37. The Plaintiffs re-allege Paragraphs 1 through 36, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 37.

38. At all relevant times, as described above, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents, and/or employees, who were employed by, and/or acting under the supervision and/or direction of, the DEA, invaded the Plaintiffs' privacy by unreasonably intruding upon the seclusion of Plaintiff's person when they entered their home, when they remained in their home after entering, and when they searched their home, without probable cause and without legal justification.

39. As a proximate result of one of more of the aforementioned acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, the Plaintiffs, were each injured and have each suffered injuries of a personal, permanent and pecuniary nature; have each endured and will in the future endure pain and suffering; have each suffered a loss of their normal life; and have each incurred expenses and costs.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendant, UNITED STATES OF AMERICA, awarding compensatory damages, costs, as well as any other relief this Court deems just and appropriate.

## COUNT V – FEDERAL TORT CLAIMS ACT
### Assault – UNITED STATES OF AMERICA

40. The Plaintiffs re-allege Paragraphs 1 through 39, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 40.

41. At all relevant times, as described above, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents, and/or employees, who were employed by, and/or acting under the supervision and/or direction of, the DEA, placed the Plaintiffs in reasonable apprehension of receiving a battery during their search of the Plaintiffs' home when they pointed firearms at the Plaintiffs.

42. As a proximate result of one of more of the aforementioned acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, the Plaintiffs, were each injured and have each suffered injuries of a personal, permanent and pecuniary nature; have each endured and will in the future endure pain and suffering; have each suffered a loss of their normal life; and have each incurred expenses and costs.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendant, UNITED STATES OF AMERICA, awarding compensatory damages, costs, as well as any other relief this Court deems just and appropriate.

**COUNT VI – FEDERAL TORT CLAIMS ACT**
**Negligent Infliction of Emotional Distress – UNITED STATES OF AMERICA**

43. The Plaintiffs re-allege Paragraphs 1 through 42, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 43.

44. At all relevant times, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents, and/or employees, owed a duty of care to the Plaintiffs, and/or had a duty to refrain from negligent and/or careless conduct towards the Plaintiffs.

45. Notwithstanding this duty, the Defendant, UNITED STATES OF AMERICA, acting through its servants, agents and/or employees, who were employed by, and/or acting under

the supervision and/or direction of, the DEA, was careless and/or negligent, and breached the duty it owed to the Plaintiffs, by engaging in the acts outlined above, including entering, remaining and searching the Plaintiff's home without lawful justification, pointing firearms at the Plaintiffs, pointing firearms at children, and imprisoning them in their own home without lawful justification. This conduct caused each Plaintiff to suffer emotional distress.

46. As a proximate result of one of more of the aforementioned acts and/or omissions of the Defendant, UNITED STATES OF AMERICA, the Plaintiffs, were each injured and have each suffered injuries of a personal, permanent and pecuniary nature; have each endured and will in the future endure pain and suffering; have each suffered a loss of their normal life; and have each incurred expenses and costs.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendant, UNITED STATES OF AMERICA, awarding compensatory damages, costs, as well as any other relief this Court deems just and appropriate.

### COUNT VII – *BIVENS* CLAIM
### Fourth Amendment – DEFENDANT OFFICERS

47. The Plaintiffs re-allege Paragraphs 1 through 46, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 47.

48. As described above, the DEFENDANT OFFICERS entered the Plaintiffs' home without legal authority, they remained in the home without legal authority, and they searched the home without legal authority. Further, the way in which they conducted their search was not reasonable under the circumstances. Also, the DEFENDANT OFFICERS' actions exceeded any

11

legal authority they may have had in entering the home; and also exceeded any legal authority they may have had by the manner in which they entered and searched the home.

49. The misconduct was undertaken by the DEFENDANT OFFICERS under color of law, under the course and scope of their employment as law enforcement officers, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiffs' constitutional rights.

50. The acts of the DEFENDANT OFFICERS were undertaken in violation of the Plaintiffs' rights as guaranteed by the United States Constitution.

51. As a direct and proximate result of the acts the DEFENDANT OFFICERS the Plaintiffs were each injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendants, AGENT GERMAN SAMANIEGO, TROOPER TIM MAYERBROCK, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT, awarding compensatory damages, punitive damages, attorney fees, and costs against each of the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT VIII – *BIVENS* CLAIM
### Fourth Amendment – DEFENDANT OFFICERS

52. The Plaintiffs re-allege Paragraphs 1 through 51, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 52.

53. As described above, the DEFENDANT OFFICERS used unreasonable force upon the Plaintiffs by pointing firearms at them.

54. The misconduct was undertaken by the DEFENDANT OFFICERS under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiffs' constitutional rights.

55. The acts of the DEFENDANT OFFICERS were undertaken in violation of the Plaintiffs' rights as guaranteed by the United States Constitution.

56. As a direct and proximate result of the acts the DEFENDANT OFFICERS the Plaintiffs were each injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendants, AGENT GERMAN SAMANIEGO, TROOPER TIM MAYERBROCK, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT, awarding

compensatory damages, punitive damages, attorney fees, and costs against each of the Defendants, as well as any other relief this Court deems just and appropriate.

### COUNT IX – 42 U.S.C. §1983 CLAIM
### Fourth Amendment – DEFENDANT OFFICERS

57. The Plaintiffs re-allege Paragraphs 1 through 56, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 57.

58. As described above, the DEFENDANT OFFICERS entered the Plaintiffs' home without legal authority, they remained in the home without legal authority, and they searched the home without legal authority. Further, the way in which they conducted their search was not reasonable under the circumstances. Also, the DEFENDANT OFFICERS' actions exceeded any legal authority they may have had in entering the home; and also exceeded any legal authority they may have had by the manner in which they entered and searched the home.

59. The misconduct was undertaken by the DEFENDANT OFFICERS under color of law, under the course and scope of their employment as law enforcement officers, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiffs' constitutional rights.

60. The acts of the DEFENDANT OFFICERS were undertaken in violation of the Plaintiffs' rights as guaranteed by the United States Constitution.

61. As a direct and proximate result of the acts the DEFENDANT OFFICERS the Plaintiffs were each injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the

Defendants, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT, awarding compensatory damages, punitive damages, attorney fees, and costs against each of the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT X – 42 U.S.C. §1983 CLAIM
### Fourth Amendment – DEFENDANT OFFICERS

62. The Plaintiffs re-allege Paragraphs 1 through 61, inclusive, and incorporate those Paragraphs herein, as though fully stated as this Paragraph 62.

63. As described above, the DEFENDANT OFFICERS used unreasonable force upon the Plaintiffs by pointing firearms at them.

64. The misconduct was undertaken by the DEFENDANT OFFICERS under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiffs' constitutional rights.

65. The acts of the DEFENDANT OFFICERS were undertaken in violation of the Plaintiffs' rights as guaranteed by the United States Constitution.

66. As a direct and proximate result of the acts the DEFENDANT OFFICERS the Plaintiffs were each injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiffs, TREVOR MITCHELL, DIANNE SCOTT, and WALTNESHA SCOTT, each separately pray for judgment in their favor and against the Defendants, SERGEANT ISAAC SHAVERS, OFFICER NICHOLAS DUCKHORN, OFFICER DAMIEN COLE, OFFICER ANTONIO DICARLO, OFFICER JAMES GRUBISIC, OFFICER CESAR GUERRERO, OFFICER SIEDAH HAMPTON, OFFICER PATRICK MCDONOUGH, OFFICER LUIGI MIRO, OFFICER MARCUS MYLES, OFFICER TIFFANY RODRIGUEZ, OFFICER LAFAYETTE TRIPLETT, and OFFICER ANTHONY VINCENT, awarding compensatory damages, punitive damages, attorney fees, and costs against each of the Defendants, as well as any other relief this Court deems just and appropriate.

### JURY DEMAND

The Plaintiffs demand a trial by jury on the *Bivens* and 42 U.S.C. §1983 Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com

## **CERTIFICATE OF SERVICE**

The undersigned, one of the attorneys of record herein, certifies that a copy of the foregoing **SECOND AMENDED COMPLAINT** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System on the 15th of February 2021, which will send notification of such filing to: Jimmy L. Arce at jimmy.arce@usdoj.gov.

                                                s/Basileios J. Foutris
                                                BASILEIOS J. FOUTRIS
                                                Attorney for Plaintiffs
                                                FOUTRIS LAW OFFICE, LTD.
                                                53 W. Jackson, Suite 252
                                                Chicago, IL 60604
                                                (312) 212-1200
                                                bfoutris@foutrislaw.com